IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR194** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **CONRAD A. JASPER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 26) issued by Magistrate Judge F.A. Gossett recommending denial of the Defendant's motion to suppress (Filing No. 16). No objections have been filed to the Report and Recommendation as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

The Defendant, Conrad A. Jasper, seeks an order suppressing statements made pursuant to his May 28, 2006, arrest, arguing that officers' deceitful tactics invalidated his subsequent *Miranda* waiver. Judge Gossett determined: although officers misrepresented the evidence against Jasper, the tactic did not amount to coercive activity; and Jasper voluntarily waived his rights and made a statement.

Notwithstanding the absence of objections, pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3, the Court has conducted a de novo review of the record. The Court has read the parties' briefs (Filing Nos. 17, 20) and the transcript (Filing No. 25). The Court has also viewed the evidence. (Filing No. 22.) Because Judge Gossett fully, carefully, and correctly applied the law to the facts, the Court adopts the Report and Recommendation in its entirety.

## FACTUAL BACKGROUND

Briefly, officers had information that Jasper was going to deliver crack cocaine. Officer Watson called Jasper and arranged a deal for delivery of a "half slice of pie or a half pie," code for crack cocaine. Officers spotted Jasper and a foot chase ensued. Jasper was found and arrested. On the way to central police headquarters, Officer Baudler radioed Officer Watson, who was transporting Jasper, advising him that officers had found the "half slice of pie." In fact, officers had not found any drugs on Jasper's person or in the house in which he was located. Baudler made the statement to make Jasper believe that crack cocaine had been found and "rattle him a little bit" for the expected questioning. (TR 16.) Once they arrived at headquarters, Jasper waived his *Miranda* rights and gave incriminating information. Some of the incriminating information was provided before officers falsely told Jasper that they had him on videotape and wiretap selling drugs.

## DISCUSSION

Relying on *Miranda v. Arizona,* 384 U.S. 436 (1966),[1] case law is replete with language stating that statements were voluntarily given because "neither trickery nor deceit was used to extract" the statements. *See, e.g., United States v. Pierce,* 152 F.3d 808, 813 (8th Cir 1998); *United States v. Mendoza,* 85 F3d 1347, 1350 (8th Cir 1996). However, later cases interpreting this language "show that trickery or deceit is only prohibited to the extent it deprives the suspect 'of knowledge essential to his ability to understand the nature of his rights and the consequences of abandoning them.'" *Soffar v. Cockrell,* 300 F.3d 588, 596

---

[1]The *Miranda* Court opined that "any evidence that the accused was threatened, tricked, or cajoled into a waiver will, of course, show that the defendant did not voluntarily waive his privilege." *Id.* At 476.

(5th Cir. 2002) (quoting *Moran v. Burbine,* 475 U.S. 412, 424 (1986)). In Jasper's case, Jasper had previously been administered and waived *Miranda* rights. The Court agrees with Judge Gossett that Officer Baudler's testimony, as opposed to Jasper's, is more credible.[2] Viewing the totality of the circumstances, the Court concludes that Jasper voluntarily waived his rights and gave his statement.

## CONCLUSION

For the reasons discussed, the Report and Recommendation is adopted and the Defendant's motion to suppress is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 26) is adopted in its entirety; and

2. The Defendant's motion to suppress (Filing No. 16) is denied.

DATED this 4th day of December, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[2] Jasper testified that he did not understand his *Miranda* rights. (TR 28.)