# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR194 |
| Plaintiff, | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| CONRAD JASPER, | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 57). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 46 and 47. Specifically, the Defendant objects to the consideration of his prior state court conviction for possession of a short shotgun as a crime of violence. Therefore, he objects to the assessment of a Chapter Four enhancement pursuant to U.S.S.G. § 4B1.1 (career offender).

Prior convictions involving the possession of "short" barreled shotguns qualify as crimes of violence for purposes of U.S.S.G. § 4B1.2(a) and, therefore, for § 4B1.1. *United States v. Mohr,* 407 F.3d 898, 900 (8th Cir.), *cert. denied,* 126 S. Ct. 670 (2005); *United States v. Allegree,* 175 F.3d 648, 651 (8th Cir. 1999) (sawed-off shotgun). *See also United Styates v. Nolan,* 397 F.3d 665, 666 (8th Cir. 2005) ("violent felony" under armed career criminal statute, 18 U.S.C. § 924(e)(2)(B)(ii), has the same meaning as "crime of violence" under § 4B1.2); *United States v. Childs,* 403 F.3d 970, 971 (8th Cir.) (possession of a short-

barreled shotgun is a violent felony under § 924(e)), *cert. denied,* 126 S. Ct. 466 (2005); *United States v. Lillard,* 116 Fed. Appx. 49, 50 (8th Cir. 2004) (affirms Judge Bataillon's conclusion that possession of a short shotgun qualifies as a violent felony under § 924(e)). For these reasons, the Defendant's legal objection to the consideration of the relevant prior felony as a predicate conviction for his status as a career offender is denied.

However, the Defendant requests that, if the objection discussed above is denied, that the Court address the issue of a downward departure to criminal history category IV or variance under a set of unusual circumstances described in detail in the Addendum to the PSR. The probation officer states that a downward departure for over representation of criminal history to criminal history category IV, or a variance, appears to be appropriate under the circumstances. The Court will address the issue at sentencing as a motion for downward departure or variance.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 57) are denied;

2. The Defendant's alternative, a motion for over representation of criminal history or request for a variance (Filing No. 57) will be heard at sentencing;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the

submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

     5.    Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

     6.    Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 26th day of March, 2007.

BY THE COURT:

s/ Laurie Smith Camp
United States District Judge