IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR194 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CONRAD A. JASPER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 89) and Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 90). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

The Defendant, Conrad A. Jasper, pleaded guilty to a three-count Indictment charging him with: conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine[1] (Count I); being a felon in possession of a firearm (Count II); and forfeiture of the firearm involved in Count II (Count III). (Filing No. 49.) On April 2, 2007, Jasper was sentenced to 262 months imprisonment

---

[1]Jasper was held responsible for 1.49 kilograms of cocaine base. (Filing No. 61 (PSR), ¶ 25.)

on Count I and 120 months on Count II, with the term on Count II to be served concurrent to the term imposed on Count I, and 3 years supervised release. The firearm was ordered forfeited. (Filing No. 67.) A direct appeal was filed. However, on June 7, 2007, the Eighth Circuit Court of Appeals granted Jasper's motion for voluntary dismissal. (Filing No. 79.) Jasper timely filed his § 2255 motion. (Filing No. 89.)

## DISCUSSION

In his § 2255 motion, Jasper argues that his attorney was ineffective in failing to: 1) file and complete an appeal; 2) call witnesses at the change of plea and sentencing hearings to testify that he did not possess the firearm in question; and 3) object to the 100:1 crack/powder cocaine ratio.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In order to establish ineffective assistance of counsel, Jasper must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

### *Appeal*

Jasper's attorney, Assistant Federal Public Defender Jeffrey Thomas, filed a notice of appeal two days after the filing of the Amended Judgment. (Filing No. 68.) Eventually

filed with the Eighth Circuit Court of Appeals is a pleading captioned "Voluntary Dismissal" that bears the signatures of both Jasper and his attorney. The pleading states: "The Appellant, Conrad A. Jasper, hereby expresses his consent to the voluntary dismissal of his appeal for the reason expressed in Appellant's motion for voluntary dismissal." (8th Cir. Case No. 07-1928, filed June 5, 2007.) The reason expressed for the dismissal is that "Mr. Jasper has had time to consider the merits of his appeal and has determined, together with counsel, that it is in his best interests to dismiss this appeal." (8th Cir. Case No. 07-1928, filed June 5, 2007.) Because Jasper voluntarily dismissed his appeal under Federal Rule of Appellate Procedure 42(b), this claim is denied.

### *Witnesses*

If counsel had presented witnesses to prove that he did not possess the firearm that is the subject of Counts II and III of the Indictment, Jasper would have been arguing his innocence of the crimes charged in those counts.

In the petition to enter a plea of guilty, Jasper stated that he was pleading guilty only because he was guilty and that he was in fact guilty of Counts I through III. (Filing No. 48, ¶¶ 40, 44.) In answer to the question asking what acts Jasper did that caused him to think he is guilty of the charges to which he was pleading guilty, Jasper answered in pertinent part: "I possessed a firearm + was a convicted felon." (*Id.*, ¶ 45.) In the factual basis given at the change of plea hearing, the government's attorney stated that Jasper admitted to a post-arrest interview that he possessed a gun, and it was determined that he had a prior felony conviction. (Filing No. 53, at 32-33.) Under oath at his plea hearing, Jasper agreed that he committed the elements of each count of the Indictment, he was guilty of the

3

offenses, and he was not pleading guilty under any force or threats. (*Id.* at 18, 20-21.) He also agreed that his answers in the plea petition were true. (*Id.* at 18.)

Had counsel presented witnesses at sentencing to prove that Jasper did not possess the firearm, it is likely that he would have lost the 3-level downward adjustment for acceptance of responsibility. Jasper would then have had a total offense level of 38 and been placed in a higher guideline range.

Clearly, any evidence negating his guilt presented at either the change of plea or sentencing hearings would have been against Jasper's interest. This claim is denied.

### *Crack/Powder Cocaine Ratio*

Amendment 706, allowing for a 2-level decrease in offense level for certain defendants,[2] has only been effective since November 1, 2007. The amendment was later made retroactive through Amendment 711. Jasper's case, along with other crack cocaine cases, will be reviewed in order to determine whether a reduction is appropriate. If it is appropriate, counsel will be appointed and the matter will be pursued through a motion for a reduction in sentence. Therefore, this claim is denied as moot.

### CONCLUSION

It plainly appears from the record that Jasper is unable to prove either prong of the *Strickland* test with respect to his claims. Therefore, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

---

[2]In some cases, for example where a defendant has been sentenced to the mandatory minimum, the decrease cannot apply. *United States v. Black,* No. 08-1875 (8th Cir. Apr. 29, 2008); *United States v. Peters,* No. 08-1672 (8th Cir. Apr. 29, 2008).

IT IS ORDERED:

1.      The Court has completed the initial review of the Defendant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 90);

2.      Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 90) is summarily denied;

3.      The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 89) is denied as moot;

4.      A separate Judgment will be issued denying the § 2255 motion; and

5.      The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 30th day of April, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge