IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>CONRAD A. JASPER,<br><br>               Defendant. | 8:06CR194<br><br>MEMORANDUM<br>AND ORDER |

      This matter is before the Court on defendant Conrad A. Jasper's ("Jasper") Motion for Sentence Reduction Under the First Step Act and Request for Evidentiary Hearing (Filing No. 142). Following the United States Court of Appeals for the Eighth Circuit's decision in *United States v. Spencer*, 998 F.3d 843 (8th Cir. 2021), Jasper's Motion will be granted and his sentence will be reduced to time served.

## I.    BACKGROUND

      Jasper was charged in a three-count indictment (Filing No. 1) with controlled-substance and firearm offenses. Count I charged Jasper with conspiring to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, and 5 kilograms or more of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1), and 846. Count II charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Count III charged forfeiture of a firearm under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

      On January 11, 2007, Jasper pleaded guilty to all three counts. His Petition to Enter a Plea of Guilty stated that Jasper "distributed crack cocaine & powder cocaine in Nebraska. The quantity was in excess of 50 grams." Jasper's Presentence Investigation Report ("PSR") noted he was being held responsible for 1.49 kilograms of cocaine base resulting in a base offense level 36 for Count I of the Indictment (Filing No. 61). His combined adjusted offense level became a level 38, minus a three-level reduction for

acceptance of responsibility for a combined total offense level of 35. Jasper's criminal history Category was IV. He was also designated as a career offender because of his conviction for conspiracy to distribute cocaine base and his conviction for possession of a sawed-off shotgun.

At sentencing on April 2, 2007, the Court granted Jasper's motion for a departure and reduced his criminal history to Category V. His newly calculated guidelines range became 262–327 months' incarceration. Jasper was sentenced to 262 months' imprisonment on Count I and 120 months on Count II, to be served concurrently. Jasper initially appealed the sentence but ultimately dismissed his appeal.

On February 26, 2016, the Court denied Jasper's Motion to Reduce Sentence under Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") (Filing Nos. 117 and 123). The Court concluded that Jasper was ineligible for a reduction because he was classified as a career offender.

On February 7, 2019, the Court entered General Order No. 2019-01 concerning defendants who may be eligible for relief under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "First Step Act"). Jasper filed this Motion to Reduce Sentence under the First Step Act on February 26, 2020 (Filing No. 142). The Office of Probation and Pretrial Services filed a Revised Retroactive Sentencing Worksheet on March 2, 2020 (Filing No. 148). The first Retroactive Sentencing Worksheet opined that Jasper's guideline range would be unchanged because Jasper "admitted to another quantity of drugs that establishes a statutory penalty of 10 years to life."

On June 10, 2021, the probation office filed a Second Revised 2019 First Step Act Retroactive Sentencing Worksheet (the "Second Revised Worksheet") (Filing No. 154). The Second Revised Worksheet explained that although Jasper was held responsible for 1.49 kilograms of cocaine base, "which is greater than the quantity of cocaine base required for a Class A felony under the First Step Act (280 grams), this amount was found by the judge and not the jury. The count to which Mr. Jasper pled guilty cites 50 grams or more

of cocaine base (now a Class B felony)." The Second Revised Worksheet indicated that Jasper's new guideline range would be significantly reduced from his original sentencing.

The Court stayed its ruling on Jasper's Motion pending the Eighth Circuit's decision in *United States v. Spencer*, 998 F.3d 843 (8th Cir. 2021). The Eighth Circuit entered its decision, and the matter has now been fully briefed.

## II. DISCUSSION

The First Step Act gave retroactive effect to §§ 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) (the "Fair Sentencing Act"). Section 404 of the First Step Act made the threshold crack quantities of the Fair Sentencing Act retroactive. Under the First Step Act, a defendant is eligible for a sentence reduction if the defendant committed "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." § 404(a). If a defendant committed a violation that now has a modified penalty, the court "may . . . impose a reduced sentence as if section [] 2 . . . of the Fair Sentencing Act of 2010" had been in effect at the time the offense was committed. § 404(b). Even if a defendant is eligible, the court is not required to reduce the sentence. *Id* § 404(c).

In *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019), the Eighth Circuit outlined the procedure for considering a motion considering a motion for a reduced sentence under § 404 of the First Step Act. The Court proceeds in two steps: "First, the court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction." *Id*. at 772.

### A. Eligibility Under the First Step Act

"[T]he First Step Act casts a wide net at the eligibility stage." *United States v. Taylor*, 982 F.3d 1295, 1300 (11th Cir. 2020). Whether Jasper is eligible depends on the offense of conviction rather than the amount of drugs involved. *See Spencer*, 998 F.3d at

3

772. ("The First Step Act applies to offenses, not conduct, and it is McDonald's statute of conviction that determines his eligibility for relief.") (internal citations omitted). Relevant to this case, a defendant convicted of a conspiracy to distribute multiple controlled substances, one of which is cocaine base, is eligible for consideration of a reduction under the First Step Act. *United States v. Spencer*, 998 F.3d 843, 845-46 (8th Cir. 2021). In *Spencer*, the court noted that the defendants' crack-cocaine quantity—50 grams—triggered a ten-year mandatory minimum sentence at the time of their sentencing. *Id*. at 845. However, under the Fair Sentencing Act through the First Step Act, the same quantity triggered a five-year minimum. *Id*. The court noted, "[t]his is true even if the Spencers 'ultimately would be subject to the same statutory sentencing range as a consequence of' the powder cocaine." *Id*. (quoting *Taylor*, 982 F.3d at 1300). "[T]he 'statutory penalties for' a drug-trafficking offense include all the penalties triggered by every drug-quantity element of the offense, not just the highest tier of penalties triggered by any one drug-quantity element." *Id*. (quoting *Taylor*, 982 F.3d at 1300) ("After the Fair Sentencing Act, the powder-cocaine element of the offense triggered the same ten-to-life penalty, but the crack-cocaine element triggered a different, lower category of penalties).

Following the reasoning in *Spencer*, Jasper is eligible for a reduction. Relevant to this Motion, the Fair Sentencing Act raised the amounts of crack cocaine required to trigger the mandatory minimum penalties under 21 U.S.C. § 841(b). It now takes 280 grams of crack cocaine to trigger the ten-year mandatory minimum previously triggered by the 50 grams charged in Jasper's Indictment. *See Spencer*, 998 F.3d at 846. As noted in the Second Revised Worksheet, the Count to which Jasper pled guilty cites 50 grams or more of cocaine base, triggering a lower category of penalties. Thus, as in *Spencer* and *Taylor*, Jasper "was sentenced for a covered offense the opportunity to make his case for a reduction in his sentence." *Taylor*, 982 F.3d at 1301.

### B. Reduction in Sentence

Having determined that Jasper is eligible for a reduction in sentence, the Court considers whether to exercise its discretion to grant a reduction. In determining whether

4

to grant a reduction under the First Step Act, Courts must consider the sentencing factors under 18 U.S.C.A. § 3553(a) and may consider the reduced statutory and guideline range and the defendant's criminal history. *See United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019). Additionally, "[a] district court 'may consider evidence of a defendant's postsentencing rehabilitation at resentencing.'" *Id*. (quoting *Pepper v. United States*, 562 U.S. 476, 504 (2011)).

In his Summary Reentry Plan-Progress Report dated December 23, 2019, the following appears under the General Comments section: "Inmate Jasper has been a model inmate since his arrival FCC Beaumont Low. The Unit Team believes inmate Jasper would be a good candidate for early release consideration." (Filing No. 145-1 at 4). Jasper's Progress Report shows completed a drug education course while incarcerated, and has also completed several business-related courses, including financial investments, real estate, intro to sales, and small business, in addition to other classes. (Filing No. 145-1 at 2-3). Jasper's progress while incarcerated support a reduction under the First Step Act.

In considering the sentencing factors, Jasper argues that under current law he would not be designated as a career offender, which would have reduced his offense level considerably. However, even if he would still be considered a career offender, the Second Revised Worksheet reveals that his total offense level would significantly reduce his guideline range (Filing No. 154). Because the felony class of Jasper's offenses changed from "A" to "B," Jasper's offense level under the First Step Act, even as a career offender, would be reduced from 37 to 34. A further reduction for acceptance of responsibility would place his total offense level at 31, resulting in an amended guideline range of 188 to 235 months (down from 262-237 months).

Additionally, the Revised Worksheet noted that a departure pursuant to U.S.S.G § 4A1.3(b)—from Criminal History Category VI to Criminal History Category V—would result in a guideline range of 168-210 months. At his original sentencing, the Court granted Jasper's motion for a departure and reduced his criminal history to Category V. (*See* Filing No. 72 at 6-7.) His newly calculated guidelines range was 262–327 months, and Jasper's

original sentence—262 months—was at the lowest end of the guideline range (Filing No. 67).

According to the PSR, Jasper has been in prison for his offense since May 28, 2006 and has served just under fifteen and a half years of his sentence, well over the lowest end of the guideline range for the same Offense Level and Criminal History Category when he was originally sentenced. Upon careful review of the record, including consideration of the 18 U.S.C. § 3553(a) sentencing factors, Jasper's reduced guideline and statutory range, and Jasper's rehabilitation efforts while incarcerated, the Court concludes that reduction to a sentence of time-served is appropriate. The Court also concludes that further hearing is unnecessary. *Williams*, 943 F.3d at 843 ("Because the [First Step] Act gives district courts discretion to reduce the sentence and does not mention a hearing, it does not require district courts to hold a hearing").

IT IS ORDERED:

1. Defendant Conrad A. Jasper's Motion for Sentence Reduction Under the First Step Act and Request for Evidentiary Hearing (Filing No. 142), is granted.

2. Jasper's Motion to Vacate Stay (Filing No. 155) is denied as moot.

3. Jasper's remaining sentence is reduced to time served.

4. An amended judgment shall issue with modified terms of supervised release. The Court modifies Jasper's conditions of supervised release to require him to reside in a residential reentry center immediately following his release for a period of up to 180 days as directed by the probation office.

Dated this 28th day of October 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge